United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 16-17606-amc
Christopher M. Ginaldi                                                  Chapter 7
       Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin          Page 1 of 2          Date Rcvd: Mar 10, 2017
                              Form ID: 318         Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 12, 2017.
```
db          +Christopher M. Ginaldi,   4518 Robbins Avenue,   Philadelphia, PA 19135-3212
13815694    +Capital One,   Attn: Bankruptcy Dept,   Po Box 30258,   Salt Lake City, UT 84130-0258
13815698    +KML Law Group, P.C.,   Suite 5000-BNY Independence Center,   701 Market Street,
              Philadelphia, PA 19106-1538
13815700    +Midland Funding,   2365 Northside Dr,   Suite 300,   San Diego, CA 92108-2709
13815702    +NJ Motor Vehicle Commission,   PO Box 160,   Trenton, NJ 08666-0160
13815701     New Jersey Surcharge Violation System,   PO Box 4850,   Trenton, NJ 08650-4850
13815705    +PGW,   800 W. Montgomery Avenue,   Philadelphia, PA 19122-2806
13815706    +Philadelphia Sheriff's Office,   100 S. Broad Street, 5th Floor,   Civil Unit,
              Philadelphia, PA 19110-1023
13815707    +RBS Citizens Cc,   1 Citizens Dr,   Ms: Rop 15b,   Riverside, RI 02915-3019
13815708    +US Bank National Association,   211 North Front Street,   PO Box 15057,
              Harrisburg, PA 17105-5057
13815709    +US Bank, N.A.,   3476 Stateview Boulevard,   Fort Mill, SC 29715-7203
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg          E-mail/Text: bankruptcy@phila.gov Mar 10 2017 20:14:21     City of Philadelphia,
              City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
              Philadelphia, PA  19102-1595
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 10 2017 20:13:22
              Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
              Harrisburg, PA  17128-0946
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Mar 10 2017 20:14:00     U.S. Attorney Office,
              c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
13815695     E-mail/Text: bankruptcy@phila.gov Mar 10 2017 20:14:21     City of Philadelphia,
              Law Dept. Tax Unit,   One Parkway Bldg. - Bankruptcy Group,   1515 Arch Street, 15th Floor,
              Philadelphia, PA 19102-1595
13815696    +EDI: DISCOVER.COM Mar 10 2017 20:03:00     Discover Financial,   Po Box 3025,
              New Albany, OH 43054-3025
13815697    +E-mail/Text: bknotice@erccollections.com Mar 10 2017 20:13:46     ERC/Enhanced Recovery Corp,
              8014 Bayberry Rd,   Jacksonville, FL 32256-7412
13815699    +EDI: RESURGENT.COM Mar 10 2017 20:03:00     LVNV Funding,   Po Box 10497,
              Greenville, SC 29603-0497
13815704    +E-mail/Text: bankruptcygroup@peco-energy.com Mar 10 2017 20:12:53     PECO,
              2301 Market Street, N3-1,   Philadelphia, PA 19103-1380
13815703    +E-mail/Text: blegal@phfa.org Mar 10 2017 20:13:45     Pa Housing Finance Age,   Po Box 8029,
              Harrisburg, PA 17105-8029
13815710    +E-mail/Text: james.feighan@phila.gov Mar 10 2017 20:14:54     Water Revenue Bureau,
              1401 JFK Blvd.,   Philadelphia, PA 19102-1663
                                                                                              TOTAL: 10

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 12, 2017                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 9, 2017 at the address(es) listed below:
```
          BRIAN CRAIG NICHOLAS    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE
           PENNSYLVANIA HOUSING FINANCE AGENCY, PURSUANT TO A TRUST INDENTURE DATED AS OF APRIL 1, 1982)
             bnicholas@kmllawgroup.com,    bkgroup@kmllawgroup.com
          CHRISTIAN A. DICICCO    on behalf of Debtor Christopher M. Ginaldi
             cdicicco@myphillybankruptcylawyer.com,    christianadicicco@gmail.com
```

```
District/off: 0313-2            User: admin              Page 2 of 2              Date Rcvd: Mar 10, 2017
                                Form ID: 318             Total Noticed: 21
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
        DENISE ELIZABETH CARLON    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE
         PENNSYLVANIA HOUSING FINANCE AGENCY, PURSUANT TO A TRUST INDENTURE DATED AS OF APRIL 1, 1982)
         bkgroup@kmllawgroup.com
        GARY F. SEITZ    gseitz@gsbblaw.com, gfs@trustesolutions.net;hsmith@gsbblaw.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov

                                                                                        TOTAL: 5

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Christopher M. Ginaldi** | Social Security number or ITIN **xxx–xx–0208** |
| | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  **Eastern District of Pennsylvania**

Case number:  **16–17606–amc**

# Order of Discharge                                                                                      12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Christopher M. Ginaldi

3/9/17                                                            **By the court:**   Ashely M. Chan
                                                                                     United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                                    **Order of Discharge**                                    page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**